**Opinion filed June 4, 2026**



## In The

# Ellebenth Court of Appeals

_____

## No. 11-24-00275-CR

_____

### JOE STARKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Taylor County, Texas**
**Trial Court Cause No. 2-257-24**

### M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court convicted Appellant, Joe Starks, of criminal trespass, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 30.05 (West Supp. 2025). The trial court assessed Appellant's punishment at confinement for 170 days in the Taylor County Jail with credit for time served.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and

conscitiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court to appoint new appellate counsel to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, the brief, and Appellant's response, and conclude that the appeal is without merit.[1] *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27 & n.6.

The State presented the testimony of three witnesses at trial, including the victims, and several video recordings of Appellant on the victim's property. Significantly, both victims testified that Appellant entered their property after they

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.

had informed him that he did not have permission to do so. Appellant testified in his case-in-chief that he believed he had purchased the property owned by the victims but he had no documentation to support his claim that there was any transfer of ownership. On this record, we agree with counsel that there are no arguable issues to present on appeal.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


June 4, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.